**Arif AJDIN, Fatima Ajdinovska, Mirsada Ajdinovska, Alma Ajdinovska, Saban Ajdinovska, Petitioners,**

**v.**

---

Michael B. MUKASEY,[1] Respondent.

No. 07–1260–ag.

United States Court of Appeals,
Second Circuit.

June 24, 2008.

Matthew L. Guadagno, Kerry W. Bretz, Jules E. Coven, Bretz & Coven, LLP, New York, NY, for petitioners.

Peter D. Keisler, Assistant Attorney General, Civil Division, Shelley R. Goad, Senior Litigation Counsel, Katharine E.

Clark, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Arif Ajdin, Fatima Ajdinovska, Mirsada Ajdinovska, Saban Ajdinovska, and Alma Ajdinovska, natives of the former Yugoslavia and citizens of Macedonia, seek review of a February 26, 2007 order of the BIA denying their motion to reopen removal proceedings. *In re Arif Ajdin/Fatima/ Mirsada/Saban/Alma Ajdinovska,* Nos. A70 894 856 and 75 314 837/838/839/840 (B.I.A. Feb. 26, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA denies a motion to reopen, we review the BIA's decision for an abuse of discretion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't. of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Under 8 C.F.R. § 1003.2(c)(2), an individual may move to reopen his case, but must generally do so within 90 days of the entry of the final decision in the underlying proceeding. However, the 90–day fil-

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for-

mer Attorney General Alberto R. Gonzales as the respondent in this case.

ing deadline may be equitably tolled where the motion to reopen is based on a claim of ineffective assistance of counsel. *See Jin Bo Zhao v. INS*, 452 F.3d 154, 160 (2d Cir.2006) (per curiam). In order to prevail on such a claim, an individual is required to show, *inter alia*, that he exercised "due diligence in pursuing the case during the period [he] seeks to toll." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006) (per curiam) (internal quotation marks omitted); *Iavorski v. U.S. INS*, 232 F.3d 124, 134–35 (2d Cir.2000).

We have described our analysis of an equitable tolling claim as a two-step inquiry to determine: (1) "whether and when the ineffective assistance( [was], or should have been, discovered by a reasonable person in the situation)"; and (2) whether the petitioner has met "the burden of proving that he has exercised due diligence in the period between discovering the ineffectiveness of his representation and filing the motion to reopen." *Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir.2007) (per curiam) (quoting *Iavorski*, 232 F.3d at 134, 135) (alteration in original). Here, it is undisputed that Ajdin's motion to reopen was untimely. However, he argues that he qualifies for equitable tolling of the 90–day deadline because he received ineffective assistance of counsel from his prior attorneys, Vulaj and Garille, and that he acted with due diligence as soon as he learned of their ineffective assistance. This argument, however, is unavailing.

As the Government argues, Ajdin should reasonably have known of the alleged ineffective assistance of counsel by the time he filed his first motion to reopen through a new attorney. *See Wang*, 508 F.3d at 715. Ajdin alleged that after learning that Vulaj and Garille failed to notify him of the BIA's October 2001 denial of his appeal, he no longer trusted them and "immediately"

hired a new attorney, Joshi, to pursue his case.[2] Joshi, in turn, filed a motion to reopen in November 2002 alleging changed country conditions but did not raise a claim of ineffective assistance of counsel. Where it is plain from the record that Ajdin was or should have been aware in 2002 that prior counsel had been less than effective, but did not pursue an ineffective assistance of counsel claim against them until 2006 nor explain his reasonable failure to do so, we cannot find that the BIA erred in concluding that he did not exercise due diligence.

Ajdin's failure to establish that he exercised due diligence is, by itself, an independent basis for the denial of his motion. *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir.2006) ("[N]o matter how egregiously ineffective counsel's assistance may have been, an alien will not be entitled to equitable tolling unless he can affirmatively demonstrate that he exercised reasonable due diligence during the time period sought to be tolled."). Accordingly, we need not consider Ajdin's argument that he was prejudiced by former counsel's alleged ineffective assistance.

For the foregoing reasons, the petition for review is DENIED.

---

2. Indeed, Ajdin had been informed that Vulaj    was no longer practicing law.